Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
Ph: (415) 651-1951
Fax: (415) 956-3233
mark@aoblawyers.com

Attorneys for Plaintiffs Chris P. Widmann

**Filed**

APR 2 6 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS P. WIDMANN & CATHLEEN WIDMANN, | Case No. |
| | **CV11-02049** |
| Plaintiff, | COMPLAINT |
| v. | |
| TRANS UNION LLC and | (Fair Credit Reporting Act |
| HSBC BANK USA, N.A. | 15 USC § 1681 *et seq*) |
| Defendants. | DEMAND FOR JURY TRIAL |

Jurisdiction and Venue

1.   This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 et seq. (FCRA). The court has jurisdiction over the FCRA claims pursuant to 15 USC §1681p and over the state law claims pursuant to 15 USC § 1367.

2.   Plaintiffs bring claims against each of the defendants based on violations of the FCRA and as against defendant HSBC Bank USA, N.A.

Complaint and Jury Demand                    -1-

1  ("HSBC") based on violations of the Calif Consumer Credit Reporting Agencies

2  Act, Civil Code § 1785.1 *et seq.*

3  **Description of the Case**

4        3.    Plaintiff Chris P. Widmann opened a HSBC Retail Services credit

5

6  card account through Costco in 2002. In 2004, plaintiff paid the account in full

7  and closed the account.

8        4.    The report that plaintiff Chris Widmann was late in September 2007

9  was inaccurate and impossible since the account had been closed in 2004 and had

10  remained closed.

11

12        5.    In mid-2010, Widmann and his wife plaintiff Cathleen Widmann

13  applied to Community West Bank, Sacramento, CA, to refinance their 8.5% home

14  loan. The bank was offering a 6.5% loan. The Bank lending officer reviewed

15  plaintiff's Trans Union credit report and credit scores. The Bank denied the loan

16  because plaintiff Chris Widmann's Trans Union report showed he had been 30

17  days late on the HSBC/Costco account in September 2007.

18        6.    Plaintiff Chris Widmann informed each of the defendants on

19  numerous occasions beginning in June 2010 through April 2011 that the late

20

21  report was inaccurate. Plaintiff did so online, in telephone conversations, and in

22  letters.

23        7.    On January 1, 2011, plaintiff Chris Widmann sent a letter to the

24  president of defendant HSBC requesting that HSBC delete the inaccurate report he

25  had been late on the HSBC account. Upon receipt of the letter, Ms Ann Gabudao

26  in the "HSBC Executive Resolution Unit" contacted plaintiff. Plaintiff explained

27  the facts concerning the inaccuracy to Ms Gabudao. She promised to investigate

28

1  the matter. In spite of several subsequent conversations with her, HSBC never

2  corrected the inaccuracy.

3      8.    Plaintiff also talked by telephone with persons at Trans Union,

4  including Mr. Jared Weeks, Trans Union's analyst for HSBC accounts. However,

5  Mr. Weeks was of no assistance in the matter.

6

7      9.    The upshot of plaintiff's time-consuming efforts to get an obvious

8  error corrected was that Trans Union deleted the report that plaintiff had been late

9  on the HSBC account in September 2007, but at the same time Trans Union in

10  explicably began reporting plaintiff had been 30 days late in March 2009. This

11  change worsened plaintiff's credit score.

12

13      10.    As required by the FCRA and California Civil Code § 1785.25, each

14  of the defendants was required to conduct a reasonable investigation as to whether

15  the account should be on plaintiff's credit files. However, defendants failed to

16  conduct a reasonable reinvestigation of the disputed account.

17  **Damages**

18      11.    As a consequence of the defendants' violations of the FCRA and the

19  California Civil Code, plaintiffs have been damaged.

20

21      12.    Plaintiff Chris Widmann's credit score has been impaired due to

22  defendants' refusal to delete the inaccurate report.

23      13.    Due to defendants' inaccurate reports that plaintiff was late paying

24  on the HSBC account, plaintiffs have been damaged by not being able to refinance

25  their home loan. Their inability to do so has cost them $600 per month

26  representing the difference between their existing home loan payment and the

27

28  amount they would be paying had they been able to refinance.

Complaint and Jury Demand    -3-

14.    Plaintiffs have also suffered emotional distress due to defendants' inaccurate credit reporting and defendants' failure and refusal to correct the inaccurate report.

**The Parties**

15.    Plaintiffs are residents of Sunnyvale, California.

16.    Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, IL.

17.    Defendant HSBC Bank USA, National Association, is a national bank with its principal place of business in Buffalo, N.Y.

**First Claim: Defendant Trans Union LLC's Violations of the Fair Credit Reporting Act, 15 USC § 1681i and § 1681c-2**

18.    Plaintiffs incorporate by reference ¶¶ 1 through 16.

19.    The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A).

20.    The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i (a) (2) (A).

In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

21.    Within the two years preceding the filing of this complaint, plaintiffs notified the defendant credit reporting agencies of an inaccuracy contained in its reports and asked it to correct the inaccuracy.

22.    The defendant credit reporting agency failed to conduct a reasonable reinvestigation Of the inaccuracy that plaintiff disputed.

23.    The defendant credit reporting agency failed to review and consider all relevant information submitted by plaintiff.

24.    As a result of the above-described violations of § 1681i, plaintiffs have sustained actual damages.

**Second Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) Against the Defendant HSBC Bank USA, N.A.**

25.    Plaintiffs incorporate by reference ¶¶ 1-24.

26.    The FCRA requires a furnisher, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

27.    Within the last two years, the defendant furnisher provided

1  inaccurate information about plaintiff to the defendant credit reporting agency.

2      28.    Within the past two years, plaintiffs notified the defendant furnisher

3  he disputed the inaccurate information it has been reporting.

4      29.    The defendant credit reporting agency notified the defendant

5  furnisher that plaintiff Chris Widmann was disputing the information it has

6

7  furnished concerning his credit.

8      30.    The defendant furnisher negligently and willfully violated 15 USC §

9  1681s-2(b) by failing to conduct an appropriate investigation, by failing to review

10  all relevant information, by failing to report the results to the credit reporting

11  agencies, by failing to modify, delete or permanently block the reporting of the

12

13  inaccurate information about plaintiffs, and by failing to report to the credit

14  reporting agency that the account was disputed by plaintiffs.

15      31.    As a result of the above-described violations of § 1681s-2(b),

16  plaintiffs have been damaged.

17  **Third Claim: Violations of the California Consumer Credit Reporting Agencies**
18  **Act, California Civil Code §§ 1785.25 et *seq*. Against the Defendant HSBC Bank**
19  **USA, N.A.**

20      32.    Plaintiffs incorporate by reference ¶¶ 1-31.

21      33.    California Civil Code § 1785.25 (a) states that a "person shall not

22  furnish information on a specific transaction or experience to any consumer credit

23  reporting agency if the person knows or should know the information is

24  incomplete or inaccurate."

25      34.    The defendant furnisher HSBC Bank USA, N.A. negligently and

26

27  willfully furnished information to the defendant credit reporting agency Trans

28  Union LLC that it knew or should have known was inaccurate.

35. Based on violations of Civil Code § 1785.25 (a), plaintiffs are entitled to the remedies afforded them by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment as follows:

1. Actual damages;

2. Statutory damages;

3. Punitive damages;

4. Costs of the action together with reasonable attorneys fees as determined by the court;

5. Such other relief as the Court may deem proper.

Dated: April 22, 2011.    ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues.

Dated: April 22, 2011.    ANDERSON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiff

Complaint and Jury Demand              -7-